```
                                                    FILED
                                              2007 SEP 25  PM 2:47

                                              CLERK US DISTRICT COURT
                                              SOUTHERN DISTRICT OF CALIFORNIA

                                              BY_____DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MAGANA-COLIN,<br><br>        Defendant-Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | CASE NO. 07-CV-0769 W<br>               05-CR-1499 W<br><br>**ORDER DENYING**<br>**PETITION FOR WRIT OF**<br>**HABEAS CORPUS** |

On April 20, 2007, Petitioner Juan Magana-Colin ("Petitioner"), a federal prisoner proceeding *pro se*, commenced this Section 2255 habeas corpus proceedings. Respondent United States of America ("Respondent") opposes. The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1 (d.1). For the reasons stated below, the Court **DENIES** the petition.

//

//

I.  **BACKGROUND**

On August 4, 2005, Petitioner was arrested approximately five miles from the Port of Entry at Tecate, California after attempting to enter the United States without the consent of the United States Attorney General or his designated successor. On August 31, 2005, Respondent filed a one-count indictment charging Petitioner with violation of 8 U.S.C. §1326, Deported Alien Found in the United States. (Doc. No. 5.)

On November 30, 2005, Respondent filed a superseding information charging Petitioner with two counts of violating 8 U.S.C. §1325, Illegal Entry. (Doc. No. 15.) That same day, Petitioner pled guilty to both counts pursuant to a signed written plea agreement. (Doc. No. 20.) Petitioner was sentenced to 24 months in custody on each count to run consecutively, and one year of supervised release on each count to run concurrently. (Doc. No. 18.) On April 22, 2007, Petitioner commenced this Section 2255 habeas corpus proceeding.

II.  **DISCUSSION**

Petitioner raises two issues in this proceeding. First, Petitioner argues that this Court's imposition of supervised release under 18 U.S.C. § 3583 was unconstitutional. Second, Petitioner challenges the Court's authority to revoke his supervised release.[1] Respondent contends that Petitioner's habeas request is procedurally flawed. For the following reasons, the Court agrees.

---

[1] Petitioner's challenge to the Court's authority to revoke his supervised release appears to have been filed in the wrong case. There are no proceedings in this case to revoke Petitioner's supervised release, which is not even set to begin until 2009.

A petition to revoke Petitioner's supervised release, however, was filed in another criminal case. On March 14, 2006, Judge Gordon Thompson, Jr., granted a Petition for Warrant or Summons for Offender Under Supervision in case 03 CR 0856. (See Doc. No. 11.) If Petitioner intended to challenge those revocation proceedings, he must file a 28 U.S.C. § 2255 petition in that case. See Rules Governing Section 2255 Proceedings, Rule 3(b).

### A. PETITIONER WAIVED THE RIGHT TO APPEAL OR COLLATERALLY ATTACK HIS CONVICTION AND SENTENCE

First, Petitioner waived his right to collaterally attack his sentence in the plea agreement. Courts have repeatedly upheld the validity of appeal waivers finding that "public policy strongly supports plea agreements." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990); see also Brady v. United States, 397 U.S. 742, 752 n. 10 (1970); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Courts will enforce a Petitioner's appeal waiver if (1) the waiver is knowingly and voluntarily made; and (2) the waiver, by its terms, waives the right to appeal. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000).

First, a valid waiver requires that the Petitioner agreed to its terms knowingly and voluntarily. See id. A reviewing court looks to the circumstances that surround the plea agreement's signing and entry to determine whether a defendant agreed to its terms knowingly and voluntarily. See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 2000).

In the present case, Petitioner entered into the plea agreement with his attorney's advice and consent. (Doc. No. 20 at 1:19–22.) Petitioner represented that his plea was knowing and voluntary. (Id. at 5:1–12.) Petitioner also represented that he was satisfied with his attorney's performance. (Id. at 10:10–12.) Furthermore, the disposition hearing transcript confirms that Petitioner's plea was knowing and voluntary. (See Doc. No. 25, Ex. D.) Thus, the Court concludes that Petitioner knowingly and voluntarily agreed to waive his right to appeal or collaterally attack his sentence.

Second, a valid waiver must also explicitly state that Petitioner is waiving his right to appeal. See Nunez, 223 F.3d at 958. A reviewing court applies contract principles, including the parole evidence rule. See United States v. Ajugwo, 82 F.3d 925, 928 (9th Cir. 1996). Under the parole evidence rule, a court enforces the contract's plain language and does not look to "extrinsic evidence... to interpret... the

terms of an unambiguous written instrument." <u>Wilson v. Arlington Co. v. Prudential Ins. Co. Of Am.</u>, 912 F.2d 366, 370 (9th Cir. 1990).

Here, the plea agreement explicitly states:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the high end of the guideline range (or statutory maximum) recommended by the Government pursuant to this plea agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range (or statutory maximum), defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If the defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived

(Doc. No. 20 at 9:3–11.) Thus, Petitioner agreed to waive collateral attack so long as the Court did not impose a sentence longer than that for the high end of the offense level recommended by the Government, which in this case would have been a 24-month sentence per count. (<u>Id.</u>, at 5:22–23.) Because Petitioner's sentence did not exceed the high end of the recommended offense level, the terms of his plea agreement bar this collateral attack. The Court is therefore prevented from granting the habeas relief requested herein.

B.  **P**ETITIONER'S **H**ABEAS **R**EQUEST IS **U**NTIMELY

Even if the terms of Petitioner's plea agreement did not bar his petition, the Court concludes that it is time-barred. The AEDPA provides that a Section 2255 habeas petition must be filed within one year from the date the conviction becomes final. 28 U.S.C. § 2255 (1). In the present case, Petitioner's conviction became final shortly after November 30, 2005. (Doc. No. 18.) Thus, the one-year limitations period expired on November 30, 2006, nearly five months before Petitioner commenced this habeas proceeding. Even allowing for the ten days Petitioner had to file a notice of

appeal under Federal Rule of Appellate Procedure 4(b)(1)(A) and the time between his delivery of the petition to prison officials and its filing, the limitations period had run well before Petitioner filed this petition.

Petitioner does not contend that he is entitled to equitable tolling, nor does he present any facts which could support such a claim.[2] As such, Petitioner's habeas request is barred by AEDPA's one-year limitations period.

### III. CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Petitioner's petition for writ of habeas corpus (Doc. No. 22). The Clerk of the Court shall close the district court file.

**IT IS SO ORDERED.**

DATE: September 25, 2007

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

CC: ALL PARTIES AND COUNSEL OF RECORD

---

[2] The federal habeas limitations period is equitably tolled only where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). This doctrine applies only when "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." Id.